Eugene F. McDonald, Jr., Defendant in Error, v. Lehigh Valley Railroad Company, Plaintiff in Error.

Gen. No. 20,241.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed March 11, 1915. Rehearing denied March 24, 1915.

### Statement of the Case.

Action by Eugene F. McDonald, Jr., plaintiff, against Lehigh Valley Railroad Company defendant, for damages alleged to have been sustained by the failure of defendant to safely carry the plaintiff's automobile from Truxton, New York to Chicago, Illinois.

For the plaintiff were introduced in evidence a freight bill of the Michigan Central Railroad Co., issued at Chicago, and a bill of lading, alleged to have been issued by defendant, which recited the receipt of the automobile at Truxton, N. Y., in apparent good order. The bill of lading was received in evidence over defendant's objection. Plaintiff and other witnesses testified to the condition of the car and its value when it was received in Chicago.

No evidence was introduced for defendant.

To reverse a judgment for plaintiff for five hundred dollars, defendant prosecutes this writ of error.

HOAG & ULLMANN, for plaintiff in error.

SABATH, STAFFORD & SABATH, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

CHICAGO—FIRST DISTRICT—MARCH, 1915.    629

## Abstract of the Decision.

1. CARRIERS, § 45*—*when admission of bill of lading without proof of execution error.* In an action against an initial carrier to recover for damages alleged to have been caused goods in shipment, it is error to admit in evidence, over defendant's objection, a printed form of a bill of lading purporting to be signed by defendant's agent where there is no proof that the signature is that of the alleged agent nor that he was, in fact defendant's agent.

2. CARRIERS, § 128*—*when evidence insufficient to show condition of freight when received.* In an action against an initial carrier to recover for damages alleged to have been caused an automobile in transporting it, where the defendant denies negligence, the damage is not shown by the introduction of an alleged bill of lading of defendant, the execution of which is not proven and the admission of which is objected to, reciting the receipt of the automobile "in apparent good order," where it appears that it had been in use for some time and there is nothing to show that it was not in the same condition when shipped as when delivered at its destination.

3. CARRIERS, § 128*—*what not admission as to condition of freight when received.* In an action against a carrier for injury to freight, the admission by defendant's counsel of the receipt of the freight by defendant is not an admission that the freight was in good order when received.

4. EVIDENCE, § 4*—*when judicial notice not taken of Municipal Court rule.* The Appellate Court cannot take judicial notice of a rule of the Municipal Court of Chicago which is not in the record.